**UNITED STATES of America**

v.

**Terrell FORTH, Appellant.**

**Nos. 05–4688, 05–4689.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 4, 2006.

Filed: Feb. 14, 2007.

George S. Leone, Office of United States Attorney, Newark, NJ, for USA.

Lori M. Koch, Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: RENDELL and AMBRO, Circuit Judges, BAYLSON,* District Judge.

OPINION

AMBRO, Circuit Judge.

Terrell Forth requests on appeal that we vacate and remand his sentence of 78

---

* Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

months' imprisonment for one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and 160 months' imprisonment for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Forth asserts this course is proper because the District Court applied the incorrect standard of proof for facts that led to the imposition of a five-level enhancement to his Guidelines base offense level.[1]

Because we write only for the parties, an extended discussion of the facts is not necessary. Forth completed a four-year prison term for drug distribution, theft, and unlawful possession of a weapon, and was released in late 2003. Shortly after his release, he was arrested for possession of a sawed-off shot gun. While on bail awaiting trial, Forth and a co-conspirator robbed two banks at gunpoint.

He was charged with one count of unlawful possession of a firearm by a convicted felon and four counts of bank robbery. After unsuccessful negotiations for a plea agreement on every count, Forth entered into a plea agreement admitting guilt for the single count of unlawful possession of a firearm by a convicted felon and to two of the four counts of bank robbery without a plea agreement in place. (The Government dismissed the remaining two counts.) Both parties agreed to leave for sentencing the issue of whether Forth brandished a firearm during the robberies, which is relevant to a proper calculation of the advisory Guidelines range.

At sentencing the District Court heard evidence on this issue. It found by a preponderance of the evidence that Forth had brandished a firearm during both bank robberies and imposed a five-level sentence enhancement. Forth argued that factual findings relevant to sentencing—in this case, whether he brandished a fire-arm—require proof beyond a reasonable doubt.

Our *en banc* Court recently rejected this argument. *United States v. Grier*, 475 F.3d 556 (3d Cir.2007). *Grier* clarified that even after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." *Id.* at 565. Because *Booker* severed and excised those portions of the law that made the Guidelines mandatory, finding Guidelines facts by a preponderance of the evidence will suffice for constitutional purposes. *Id.* at 567–68. In this case, therefore, the District Court's finding by a preponderance of the evidence that Forth brandished a firearm passes muster, and we affirm the sentence imposed by the District Court.

---

1. We have jurisdiction over this appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

*See United States v. Cooper,* 437 F.3d 324, 327 (3d Cir.2006).